UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
FRANK H. FINKEL, JOSEPH A. FERRARA, SR.,
MARC HERBST, THOMAS N. PIALI, DENISE
RICHARDSON, GARY LA BARBERA, THOMAS
GESUALDI, LOUIS BISIGNANO, DOMINICK
MARROCCO, and ANTHONY PIROZZI, *as*
*Trustees and Fiduciaries of the Local 282 Welfare*
*Trust Fund, the Local 282 Pension Trust Fund, the*
*Local 282 Annuity Trust Fund, the Local 282 Job*
*Training Trust Fund, and the Local 282 Vacation and*
*Sick Leave Fund,*

**REPORT AND**
**RECOMMENDATION**

08-CV-4597 (NGG) (JMA)

Plaintiffs,

-against-

ARCHITCRAFT INC.,
                                        Defendant.
-------------------------------------------------------------------X

A P P E A R A N C E S:

Elizabeth O'Leary
Cohen, Weiss and Simon, LLP
330 West 42nd Street
New York, NY 10036
(212) 356-0211

Oriana Vigliotti
Cary Kane LLP
330 West 42nd Street
New York, NY 10036
(212) 563-4100
        *Attorneys for Plaintiffs*


**AZRACK**, **United States Magistrate Judge:**

        Plaintiffs bring this action pursuant to sections 502(a)(3) and 515 of the Employee

Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(a)(3), 1145 (2006), and

section 301(a) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185 (2006), to

recover unpaid employee benefit fund contributions from the defendant employer. <u>See</u> Compl. at 1–2. Though the defendant was properly served, it failed to answer or otherwise appear. <u>See</u> Clerk's Entry of Default, Dkt. No. 4. Accordingly, by Order dated April 28, 2009, the Honorable Nicholas G. Garaufis awarded plaintiffs a default judgment on liability and referred the matter to me for a report and recommendation on damages. <u>See</u> Order of Referral, Dkt. No. 5.

For the reasons discussed below, I respectfully recommend that the Court enter judgment against the defendant in the amount of $264,640.91. This sum reflects an award to plaintiffs of $158,515.05 in unpaid contributions, $52,203.48 in interest accumulated through February 23, 2009, $52,203.48 in liquidated damages, $521.90 in costs, and $1,197.00 in attorneys' fees. I further recommend that the Court award plaintiffs additional interest of $106.27 per day from February 24, 2009 through the date of judgment and deny plaintiffs' request for $10,000 in satisfaction of defendant's contractual bond obligation.

# I. <u>BACKGROUND</u>

Plaintiffs are trustees and fiduciaries of various employee benefit plans (the "Plans") maintained by Local 282 of the International Brotherhood of Teamsters ("Local 282"). Compl. ¶ 3, 9. The Plans are governed by a Restated Agreement and Declaration of Trust (the "Trust Agreement") and are maintained to provide welfare, pension, annuity, job training, vacation, and sick leave benefits to eligible employees. <u>Id.</u> ¶ 6; <u>see also</u> Decl. of T. Cody ("Cody Decl."), Ex. A ("Trust Agreement"). The Plans are funded by employers who, upon becoming parties to the Local 282 collective bargaining agreement ("CBA"), are contractually obligated to contribute to the Plans on a monthly basis. Compl. ¶ 5. To ensure proper payment of all contributions, the CBA further requires employers to submit monthly remittance reports detailing the number of hours worked by each covered employee, to submit to audits of their payroll records upon the

trustees' request, and to either post a surety bond or deposit cash into an escrow account to cover their contribution obligations (the "Bond Requirement"). Id. ¶¶ 12–13, 23.

Under the CBA, which incorporates the Trust Agreement by reference, the amount of an employer's monthly contribution is generally determined by multiplying the number of hours worked by each of its covered employees by the current contribution rate. Compl. ¶ 10. However, if an employer fails to submit to an audit upon written demand, it is subject to increased contributions which are calculated in accordance with one of two formulae in the Trust Agreement. Cody Decl. ¶ 12. If an employer refuses an audit but submits remittance reports, it must pay an additional contribution of fifty percent of the reported hours multiplied by the current contribution rate (the "First Formula"). Id. ¶ 13. For months in which an employer refuses an audit and fails to submit remittance reports, it must pay a total contribution equivalent to 110% of the greatest number of hours reported within the twelve preceding reports multiplied by the current contribution rate (the "Second Formula"). Id. ¶ 14.

Defendant Architcraft, Inc. ("Architcraft" or "defendant") was a signatory to the Local 282 CBA from May 8, 2003 through June 30, 2008. Compl. ¶ 9. According to plaintiffs, Architcraft failed to submit to an audit for the reporting period of March 30, 2005 through June 30, 2008 and failed to submit remittance reports for nine of those thirty-nine months. Compl. ¶ 21; Cody Decl. ¶ 16. Plaintiffs allege that Architcraft failed to pay the contributions due under the CBA for this time period and failed to renew its surety bond after it expired on March 24, 2007. Compl. ¶ 25. For these breaches, plaintiffs request judgment against the defendant in the amount of $274,640.92. See Decl. of O. Vigliotti ¶ 14 ("Vigliotti Decl.").

# II. <u>DISCUSSION</u>

Defendant's default amounts to an admission of liability and all of the well-pleaded allegations in plaintiffs' complaint pertaining to liability are deemed true.  <u>See</u> <u>Greyhound Exhibit Group, Inc. v. E.L.U.L. Realty Corp.</u>, 973 F.2d 155, 158 (2d Cir. 1992) (internal citation omitted); <u>Garden City Boxing Club, Inc. v. Batista</u>, No. 05-CV-1044, 2007 WL 4276836, at *2 (E.D.N.Y. Nov. 30, 2007) (internal citations omitted).  Allegations pertaining to damages, however, are not admitted upon default and the court must conduct an inquiry to ascertain damages with reasonable certainty.  <u>See</u> <u>Credit Lyonnais Sec., Inc. v. Alcantara</u>, 183 F.3d 151, 155 (2d Cir. 1999) (<u>citing</u> <u>Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.</u>, 109 F.3d 105, 111 (2d Cir. 1997)).  Such an inquest may be held by affidavit, without a hearing, as long as the Court is assured that there is a basis for the damages requested by the plaintiff.  <u>See</u> <u>Transatlantic Marine</u>, 109 F.3d at 111 (citations omitted).

Here, plaintiffs seek damages in the form of unpaid contributions, interest, liquidated damages, attorneys' fees, and costs under both ERISA and the CBA.   In support of their request, they have submitted: (1) the declaration of the their attorney, Oriana Vigliotti; (2) the declaration of the Funds' plan manager, Teresa Cody; (3) the relevant portions of the CBA and Trust Agreement; (4) defendant's remittance reports for April 2005 through September 2007; (5) an accounting of outstanding contributions and interest; and (6) contemporaneous time records reflecting the attorneys' fees and costs incurred in prosecuting this action.   These submissions are a sufficient basis upon which to determine the appropriate award, and I will discuss each form of relief in turn.

## A.  **Unpaid Contributions.**

The Plans are entitled to unpaid contributions under section 505(g)(2)(A) of ERISA.  29 U.S.C. § 1132(g)(2)(A).  As discussed above, the Trust Agreement provides two relevant formulae for calculating the contributions owed by defendant based on its failure to submit to an audit.  Because defendant submitted remittance reports for only thirty of the thirty-nine months within the audit period, the Plans are entitled to contributions under the First Formula for March 2005 through September 2008 and under the Second Formula for October 2007 through June 2008.  I have reviewed the relevant remittance reports and plaintiffs' calculations and find them to be a reasonable and accurate statement of Architcraft's obligations to the Plans.  Accordingly, I respectfully recommend that the Court enter judgment against the defendant in the amount of $72,464.25 in contributions due for April 2005 through September 2007 and $86,050.80 in contributions due for October 2007 through June 2008 for a combined total of $158,515.05 in unpaid contributions.

## B.  **Interest on Unpaid Contributions.**

Plaintiffs are entitled to interest on unpaid contributions pursuant to section 502(g)(2)(B) of ERISA.  29 U.S.C. § 1132(g)(2)(B).  The Trust Agreement sets the interest rate at 1.5% per month, or 0.049315% per day.  See Cody Decl. ¶¶ 26–28.  According to plaintiffs' calculations, defendants are liable for $52,203.48 in interest through February 23, 2009 and $106.27 in daily interest accruing from February 24, 2009 forward. See id. Ex. E.  I have reviewed plaintiffs' tabulations and find them to be accurate.  Accordingly, I respectfully recommend that the Court enter judgment against defendant in the amount of $52,203.48 for interest due through February 23, 2009, plus additional interest of $106.27 per day until the date of judgment.

**C. Liquidated Damages.**

In addition to interest, section 502(g)(2)(C) of ERISA directs the Court to award liquidated damages equivalent to the greater of (i) interest on unpaid contributions or (ii) liquidated damages as provided for under the plan, so long as they do not exceed twenty percent of the unpaid contributions. 29 U.S.C. § 1132(g)(2)(C). Here, the interest owed is $52,203.48 while twenty percent of the unpaid contributions equals $31,703.01. Cody Decl. ¶ 32. As the interest is greater than twenty percent of the unpaid contributions, I respectfully recommend the Court enter judgment against the defendant in the amount of $52,203.48 in liquidated damages.

**D. Costs.**

ERISA also directs the Court to award reasonable costs. 29 U.S.C. § 1132(g)(2)(D). Plaintiffs request $521.90 in costs, which includes a court filing fee of $350.00, computer research fees of $80.10, process servicer fees of $62.00, and postage, photocopying, and document delivery fees of $29.80. Vigliotti Decl. ¶¶ 12–13, Ex. B–C. I have reviewed plaintiffs' records and find their request for costs reasonable. Accordingly, I respectfully recommend that the Court enter judgment against the defendant in the amount of $521.90 in costs.

**E. Attorney's Fees.**

ERISA mandates an award of attorney's fees. 29 U.S.C. § 1132(g)(2)(D). In the Second Circuit, attorney's fees for federal claims are determined according to the "presumptively reasonable fee" approach, which is calculated by multiplying a reasonable hourly rate by a reasonable number of expended hours. See Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182, 186–90 (2d Cir. 2008). The Court has "considerable discretion" in determining the presumptively reasonable fee, however, it should "bear in mind all of the case-specific variables that [the Second Circuit] and other courts have identified as relevant

to the reasonableness of attorney's fees in setting a reasonable hourly rate." <u>Id.</u> at 190. Ultimately, the district court should be guided by what a "reasonable, paying client, who wishes to pay the least amount necessary to litigate the case effectively" would be willing to pay. <u>Id.</u> at 184.

The fee applicant bears the burden of establishing the reasonableness of the hourly rate and the number of hours expended. <u>See</u> <u>New York State Teamsters Conference & Ret. Fund v. Erick Sanitation</u>, No. 92-CV-0292, 1992 WL 246880, at *4 (N.D.N.Y. Sept. 18, 1992). However, the district court may also rely upon its own knowledge of "the prevailing market rates in the relevant community for similar services for lawyers of reasonable comparable skill, experience and reputation." <u>Chambless v. Masters, Mates, and Pilots Pension Plan</u>, 885 F.2d 1053, 1058–59 (2d Cir. 1989) (internal citation and quotation marks omitted). "According to the forum rule, courts should generally use the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee." <u>Simmons v. New York City Transit Auth</u>, 575 F.3d 170, 174 (2d Cir. 2009) (internal citations and quotation marks omitted). However, a litigant may be awarded higher out-of-district rates if she can prove "that a reasonable client would have selected out-of-district counsel because doing so would likely (not just possibly) produce a substantially better net result." <u>Id.</u> at 175. In determining the reasonableness of the hours expended, the Court must assess "the value of the work product of the particular expenditures to the client's case." <u>Gierlinger v. Gleason</u>, 160 F.3d 858, 876 (2d Cir. 1998). "If the court determines that certain claimed hours are excessive, redundant, or otherwise unnecessary, the court should exclude those hours in its calculation[.]" <u>Id.</u>

Plaintiffs request $1,197.00 in attorney's fees, which represents 0.9 hours of partner time billed at a rate of $370 per hour, 1.8 hours of attorney time billed at a rate of $275 per hour, and 4.1 hours of paralegal time billed at a rate of $90 per hour. (Vigliotti Decl. ¶ 6, 9.) They support

their request with contemporaneous time records detailing the tasks their attorneys and paralegals completed for this case and the number of hours expended on each task. (Ex. B.) Based on my review of similar cases in this district involving defaulting defendants liable for unpaid contributions to benefit funds, I find these rates reasonable. See, e.g., Trustees of the Local 813 I.B.T. Ins. Trust Fund v. Amanda Carting Corp., No. 07-CV-565 (FB) (KAM), 2007 WL 4324019, at *6 (E.D.N.Y. Dec. 7, 2007) (finding that prevailing rates in 2007 for ERISA work in this district ranged from $200-$375 per hour for partners, $200-$250 per hour for senior associates, and $75 per hour for paralegals.) (citations omitted). I have also reviewed the time records submitted by plaintiffs and I find that 6.8 hours was a reasonable amount of time spent on this matter. Therefore, I respectfully recommend that the Court enter judgment against the defendant in the amount of $1,197.00 in attorney's fees.

**F. Satisfaction of Bond.**

In addition to the damages discussed above, ERISA directs the Court to award plaintiffs any other legal or equitable relief it deems proper. 29 U.S.C. § 1132(g)(2)(E). Here, plaintiffs seek a $10,000 money judgment in satisfaction of the CBA's bond requirement. Vigliotti Decl. ¶ 14. However, by plaintiffs' own admission, that requirement existed to ensure future contributions to the Plans. Cody Decl. ¶ 33–35. Since Architcraft is no longer a party to the CBA and because the Plans will be made whole by the other forms of relief granted, an additional award of $10,000 is neither necessary nor authorized. Therefore, I respectfully recommend that plaintiffs' request for $10,000 in satisfaction of the bond requirement be denied.

### III. CONCLUSION

For the foregoing reasons, I respectfully recommend that the Court enter judgment against defendant in the amount of $264,640.91, which reflects an award of $158,515.05 in unpaid

contributions, $52,203.48 in interest, $52,203.48 in liquidated damages, $521.90 in costs, and $1,197.00 in attorney's fees.   I further recommend that plaintiffs be awarded additional interest of $106.27 per day until the date of judgment and that plaintiffs' request for $10,000 is satisfaction of the CBA bond requirement be denied.

Plaintiffs are hereby ordered to serve a copy of this report and recommendation on defendant and to promptly file proof of service by ECF.   Any objections to this report and recommendation must be filed on ECF within fourteen (14) days of the date of entry of this report and recommendation.   Failure to file objections within the specified time waives the right to appeal the District Court's order.   <u>See</u> 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72.

SO ORDERED.


Dated: February 24, 2010
Brooklyn, New York




_____/s/_____
JOAN M. AZRACK
UNITED STATES MAGISTRATE JUDGE