UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

FRANK H. FINKEL, JOSEPH A. FERRARA, SR.,
MARC HERBST, THOMAS N. PIALI, DENISE
RICHARDSON, GARY LA BARBERA, THOMAS
GESUALDI, LOUIS BISIGNANO, DOMINICK
MARROCCO, and ANTHONY PIROZZI, as
Trustees and Fiduciaries of the Local 282 Welfare
Trust Fund, the Local 282 Annuity Trust Fund, the
Local 282 Job Training Trust Fund, and the Local 282
Vacation and Sick Leave Trust Fund,

**MEMORANDUM & ORDER**
**08-CV-4597 (NGG) (JMA)**

Plaintiffs,

-against-

ARCHITCRAFT INC.,

Defendant.
----------------------------------------------------------------X

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiffs brought this action under sections 502(a)(3) and 515 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1132(a)(3), 1145, and section 301(a) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, to recover unpaid employee benefit fund contributions from defendant Architcraft, Inc. ("Architcraft"). (See Compl. (Docket Entry # 1) 1-2.) On April 24, 2009, this court entered a default judgment against Architcraft and referred the matter to Magistrate Judge Joan M. Azrack for an inquest on damages. (See Order dated April 24, 2009 (Docket Entry # 5).) On February 24, 2010, Judge Azrack issued a Report & Recommendation ("R&R") recommending that this court award Plaintiffs $264,640.91 in damages. (See R&R (Docket Entry # 7) 2.) On March 10, 2010,

1

Plaintiffs filed an Objection to the R&R. ("Objection" (Docket Entry # 8).) Having reviewed the R&R and the Objection, the court adopts Judge Azrack's R&R in its entirety and without modification.

I. **LEGAL STANDARD**

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The court must conduct a de novo review of those portions of the R&R to which a party has objected. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). The court reviews unobjected portions of the R&R for clear error only. Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985).

II. **DISCUSSION**

The Court assumes familiarity with the facts as set forth in Judge Azrack's R&R. (See R&R 1-3.) Briefly stated, Plaintiffs are trustees and fiduciaries of certain employee benefit plans (the "Funds") maintained by Local 282 of the International Brotherhood of Teamsters ("Local 282"). Between July 1999 and June 2008, Architcraft was a signatory to Local 282's collective bargaining agreement ("CBA") and thus was required to make certain contribution payments to the Funds. (See Decl. of T. Cody ("Cody Decl.") ¶ 6; id. Ex. B (CBAs).) According to Plaintiffs, Architcraft breached the CBA by failing to permit audits, pay contributions, submit remittance reports, or renew its surety bond. (See generally R&R 1-3.)

The damages award recommended by Judge Azrack comprises unpaid contributions, accumulated interest, liquidated damages, costs, and attorney's fees. (Id. at 2.) Plaintiffs object to Judge Azrack's determination that they are not also entitled to damages in the amount of the surety bond (the "Bond") that Defendants were obligated provide under the CBA. (See id. at 8; Objection at 2-3.) This objection is meritless.

2

The Bond provision in the CBA states that, "The Employer shall provide a Surety Bond to guarantee payment of contributions to the Welfare, Pension, Annuity, and Job Training Funds and dues to the Union as provided for in the Agreement." (Cody Decl. Ex. B at 15 (1999-2002 CBA), 13 (2002-2005 CBA), 2005 Memorandum of Agreement.) The Bond that Architcraft posted pursuant to this provision expired on March 24, 2007, and was not renewed prior to the expiration of the CBA on June 30, 2008. (Compl. ¶¶ 25-27.) Contrary to Plaintiffs' assertions, however, this breach does not entitle Plaintiffs to damages in the amount of the Bond.

As a suretyship, the dual purpose of the Bond was to guarantee Architcraft's performance under the CBA and to insure Local 282 against possible non-payment by requiring Architcraft to post a sum that the trustees of the Funds could draw down in the event that Architcraft failed to meet its payment obligations. (See Compl. ¶ 23 (purpose of Bond is "to secure payment of contributions to the Funds").) The Bond was a prophylactic guarantee that Local 282 would receive the benefit of the contract, rather than an independent contribution requirement, and therefore did not impose an additional payment obligation on Architraft. To state the matter in terms of suretyship law, Architcraft's liability as the surety was coextensive with its liability as the principal debtor. 74 Am. Jur. 2d Suretyship § 20. Consequently, the existence of the Surety Bond did not entitle the Plaintiffs to anything beyond the value of Architcraft's performance under the CBA.

Judge Azrack's recommended damages award grants Plaintiffs the full value of Architcraft's promised performance under the CBA – that is, full "payment of contributions to the Funds" – plus statutory damages, costs, and fees. Because the recommended damages award is a complete measure of Architcraft's liability and affords Plaintiffs the relief that the Bond was intended to secure, there is no reason to award Plaintiffs additional relief that would place them

in a better position than they would have occupied absent the breach.[1] If the CBA was still in effect and the possibility of non-payment still extant, Plaintiffs might be entitled to an additional remedy for Architcraft's breach of the Bond provision, although in that case the appropriate solution would be to require Architcraft to re-post the Bond, rather than pay money damages. See LaBarbera v. Plan It Constr. & Equip. Co., 179 F. Supp. 2d 71, 77 (E.D.N.Y. 2002).[2] Awarding Plaintiffs the full value of the CBA, however, renders the Bond provision nugatory and discharges Architcraft's liability as both principal and surety. Accordingly, Plaintiffs are not entitled to money damages in the amount of the Bond.

## III. CONCLUSION

The court finds no clear error in the unobjected portions of Judge Azrack's R&R. Accordingly, for the foregoing reasons, this court adopts Judge Azrack's R&R in its entirety and without modification. The Clerk of Court is directed to enter judgment in accordance with Judge Azrack's R&R.

SO ORDERED.

Dated: Brooklyn, New York
March 2 ?, 2010

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge

---

[1] Had Architcraft posted the Bond, the trustees of the Funds either would have used it to offset the shortfall in Architcraft's contributions, in which case Plaintiffs' damages under the CBA would be reduced in the amount of the offset, or would not have used it, in which case Plaintiffs would retain the Bond and their damages would be reduced in the amount of the Bond.

[2] Plaintiffs' argument that Plan It requires this court to award them damages in the amount of the Bond is unpersuasive. In Plan It, the trustees of Local 282 brought an ERISA action against an employer who was no longer party to the CBA, seeking to compel the employer to post a surety bond that it had failed to post while the CBA was in effect. 179 F. Supp. 2d at 72-73. Because the trustees had not yet completed a contractually-required final audit of the employer's books and records, the court granted the injunction on the ground that the surety bond was still necessary to guarantee contributions from the employer. Id. at 77. In this case, there is no need for a final audit because Judge Azrack's damages award functions as a full and final accounting of Architcraft's liability under the CBA. More importantly, there is no suggestion in Plan It or any other case cited by Plaintiffs that a breach of a surety-bond provision somehow entitles the obligee to money damages in the amount of the bond, as opposed to an order to re-post the bond.

4